UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
_____

DARNELL BRAILSFORD,

                Plaintiff,

                                                               COMPLAINT

-against-

                                                               17-CV-2516

THE CITY OF NEW YORK, and P.O. JOHN PANIK,
Shield No. 62510, Individually and in his Official Capacity,    JURY TRIAL DEMANDED

                Defendants.
_____

      Plaintiff, DARNELL BRAILSFORD, by and through his attorneys, CHARLES A. ROSS & ASSOCIATES, as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

      4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, DARNELL BRAILSFORD, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

13. On or about June 19, 2016, at approximately 2:00 a.m., plaintiff DARNELL BRAILSFORD, was a passenger on the Staten Island Ferry docked at the Staten Island Ferry Terminal at 4 Whitehall Street in New York County in the State of New Yok.

14. At that time and place, defendant OFFICER PANIK along with his partner escorted plaintiff DARNELL BRAILSFORD off the ferry, believing he was intoxicated.

15. As the three men stepped off the ferry and onto the ramp DARNELL BRAILSFORD and OFFICER PANIK exchanged words.

16. OFFICER PANIK then punched DARNELL BRAILSFORD in the face.

17. As a result, OFFICER PANIK caused a laceration of DARNELL BRAILSFORD's face above the left eye requiring stitches as well as a left orbital floor fracture, a left lamina papyracea fracture, and a nasal bone fracture.

18. The force employed by the defendant was objectively unreasonable and was not privileged in any way.

19. As a result of the foregoing, plaintiff DARNELL BRAILSFORD sustained, physical injury, embarrassment, humiliation, and deprivation of his constitutional rights.

20. All of the aforementioned acts of OFFICER PANIK, their agents, servants, and employees, were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiff, DARNELL BRAILSFORD, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the united States of America, and were therefore in violation of 42 U.S.C. § 1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK the New York City Police Department, and the New York City Department of Corrections, all under the supervision of ranking officers of said departments.

### FIRST CLAIM FOR RELIEF FOR EXCESSIVE FORCE
### UNDER 42 U.S.C. § 1983

24. Plaintiff, DARNELL BRAILSFORD, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

25. The force employed by OFFICER PANIK was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

26. As a result of the foregoing, plaintiff, DARNELL BRAILSFORD, suffered physical injuries as described above, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF FOR DELIBERATE

**INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983**

27.     Plaintiff, DARNELL BRAILSFORD, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

28.     It being apparent that the defendants intend to claim Brailsford's injuries occurred prior to the punch, plaintiff alleges, in the alternative, that defendants failed to provide plaintiff with timely medical attention, and, in fact, OFFICER PANIK punched plaintiff in the face, despite his knowledge that he was suffering from a serious medical condition.

29.     Defendants actions constituted an unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

30.     As a result of the foregoing, plaintiff, DARNELL BRAILSFORD, suffered exacerbation of his physical injuries as described above, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**THIRD CLAIM FOR RELIEF
FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

31.     Plaintiff, DARNELL BRAILSFORD, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

32.     The acts complained of were carried out by OFFICER PANIK in his official capacity as a police officer with all the actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendant in his capacity as a police officer pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Those customs, policies, patterns, and practices include, but are not limited to:

      i.      failing to properly train individual officers in the proper treatment and care of intoxicated individuals in their custody;

      ii.      training individual officers to utilize excessive force in the face of threats or perceived threats that do not warrant such force.

35. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK directly cause, *inter alia*, the following unconstitutional practices:

      i.      utilizing physical abuse and excessive force against arrestees and detainees in the custody of the CITY OF NEW YORK

36. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DARNELL BRAILSFORD.

37. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

39. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was subjected to excessive force.

40. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

41. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

42. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

43. Plaintiff, DARNELL BRAILSFORD, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44. Within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50(e)

45. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

46. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law 50-h on January 19, 2017.

47. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

48. Plaintiff has complied with all conditions precedent to maintaining the instant action.

49. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FOURTH CLAIM FOR RELIEF FOR
## ASSAULT AND BATTERY UNDER NEW YORK LAW

50. Plaintiff, DARNELL BRAILSFORD, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51. At the aforesaid place and time, the individually named defendant did cause plaintiff, DARNELL BRAILSFORD, to be unlawfully assaulted and battered, without cause or provocation.

52. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK giving rise to individual liability and liability based on a theory of *respondeat superior*.

53. As a result of the aforesaid assault and battery, plaintiff, DARNELL BRAILSFORD, was injured, both physically and mentally.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

54. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

55. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including Officer Panik.

56. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendant individually named above.

57. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, and fright.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. 1988; and

iv. directing such other and further relief as the Court may deem just and proper,

together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 7, 2017

                                  Respectfully Submitted,

                                  Charles A. Ross & Associates
                                  *Counsel for the Plaintiff*

*By:* _____
                                  MATTHEW SHROYER (MS-6041)
                                  111 Broadway, Suite 1401
                                  New York, New York 10006
                                  (212) 616-3045
                                  mshroyer@charlesrosslaw.com